**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**GREENEVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE: SOUTHEASTERN MILK ANTITRUST LITIGATION** | ) | **MDL No. 1899** |
| | ) | **Master File No. 2:08-MD-1000** |
| **THIS DOCUMENT RELATES TO:** *ALL CASES* | ) | **Judge J. Ronnie Greer** **Magistrate Judge Dennis H. Inman** |

**MEMORANDUM OPINION**

This matter is before the Court on the objection of the defendants [Doc. 349], pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a), to the order of the United States Magistrate Judge entered on June 18, 2009. The plaintiffs have responded to defendants' objection, [Doc. 356], and the matter is ripe for disposition. For the reasons which follow, the objection will be OVERRULED and the order of the Magistrate Judge AFFIRMED.

**I. Background**

The plaintiffs are dairy farmers who have sued the defendants alleging violations of the antitrust laws, including Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. The action is a proposed class action and, although a class certification motion is pending, no class has been certified. On May 29, 2009, the defendants filed a "Notice And Motion For Proposed Individual Settlement Offers To Putative Class Members," [Doc. 320]. By their motion, defendants sought the Court's "review and approv[al] [of] Defendants' proposed settlement offers" to putative class members. Defendants' propose to make their settlement offers by letter to putative class members, enclosing in the packet of materials mailed a copy of the Corrected Consolidated Amended Class

Action Complaint filed by plaintiffs, contact sheets which include the address and phone number for plaintiffs' counsel, general information about the litigation and proposed settlement in question and answer format, and a proposed settlement and release agreement.

The letter[1] generally describes the parties to the present litigation and contains a general description of the claims made by the named plaintiffs. Defendants propose to settle with individual putative class members on the basis of a specific dollar amount per hundredweight on the farmers' average monthly production of milk produced in Orders 5 and 7 and sold to defendants or alleged co-conspirators from January 1, 2001, to April 30, 2009, in exchange for execution of the settlement agreement. Recipients of the letters are encouraged to seek their own independent legal advice and/or discuss the case with counsel for the named plaintiffs. They are also advised that they may contact the attorneys representing the defendants. The letters also contain denials of plaintiffs' claims and some self-serving commentary about the current business climate and the commitment of "time, energy, money and resources" required to defend the plaintiffs' claims. The offers of settlement would remain open for 30 days after mailing.

The dairy farmer plaintiffs oppose defendants' motion and argue that defendants' proposed communications and settlement offers violate the standing orders of this Court, undermine Rule 23 and are misleading and coercive. Plaintiffs also argue that members of the putative class to whom these settlement offers are made cannot meaningfully evaluate the communications because necessary information has been shielded from review by the terms of the protective order entered

---

[1] Defendants actually propose to send, not one letter to individual dairy farmer members of the putative class, but separate letters from various defendants to certain groups of dairy farmers who make up the putative class. For instance, a letter from Southern Marketing Agency, Inc. ("SMA") would be sent to dairy farmers who were members of SMA or SMA's constituent groups; from Dean Foods to its dairy farmer suppliers, by Dairy Farmers of America , Inc. ("DFA") to dairy farmer DFA members, and so on.

in this case. More specifically, the plaintiffs argue that allowing defendants to communicate with putative class members as they propose would undermine the Court's prior appointment of interim lead counsel with responsibility to protect the putative dairy farmer class members and to conduct settlement negotiations and undermines the Court's prior order with respect to the mediation process. Plaintiffs also argue that putative class members do not have, and indeed cannot have, access to information necessary to assess meaningfully the merits of the settlement offer as long as the protective order is in place and that the presentation of the offer is a "one-sided recitation of the case" that prejudices the ability of class members to make meaningful decisions about the settlement offer. Lastly, plaintiffs argue that defendants' proposed communications are coercive because of the economic leverage defendants yield over dairy farmer members of the putative class and that the short time frame for response by the putative class members is likewise coercive.

## II. Standard of Review

Although the parties appear to differ somewhat about the appropriate standard of review to be applied to the Magistrate Judge's order, 28 U.S.C. § 636(b)(1)(C) and Rule 72(a) clearly establish that the district judge may modify or set aside any part of the Magistrate Judge's order "that is clearly erroneous or is contrary to law." The "clearly erroneous" standard applies to the Magistrate Judge's factual findings, while legal conclusions are reviewed under the "contrary to law standard." *Prof'ls Direct Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co.*, 2008 WL 4758679 at *2 (S.D. Ohio October 27, 2008).

## III. Analysis and Discussion

The parties have filed voluminous pleadings both in support of and in opposition to the defendants' original motion and in support of and in opposition to the defendants' objection to the Magistrate Judge's order. The Magistrate Judge denied the defendants' motion, finding, without elaboration, that "any settlement offer to individual putative class members would be confusing at best, and misleading at worst." Having reviewed the voluminous pleadings filed in relation to this matter, this Court agrees with the Magistrate Judge's conclusion, albeit on slightly different grounds, and the Magistrate Judge's order will, therefore, be affirmed.

Although the parties quibble somewhat about the Court's authority with respect to pre-certification contact with or communication between litigants and putative class members, the Court's authority to limit communication is quite clearly established by the weight of applicable authority, subject only to restrictions mandated by the First Amendment. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) (affirming District Court's authority to limit communications between counsel and putative class members, subject to restrictions mandated by First Amendment); *In re School Asbestos Litigation*, 842 F.2d 671, 680 (3d Cir. 1988). Because class actions present opportunities for abuse, *Gulf Oil Co.*, 452 U.S. at 100, "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Id.*

In *Gulf Oil*, the Supreme Court rejected a total ban on communication between a litigant and putative class members, and held that an order that limits a party's ability to communicate with putative class members "should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id*. at 101. Limitations on communications should be based on "a specific record showing by the

moving party of the particular abuses by which it is threatened." *Id.* at 102. The result should be "a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances," and the court must give "explicit consideration to the narrowest possible relief which would protect the respective parties." *Id.*

Against this general backdrop, it is clear then that the defendants may discuss settlement offers with putative class members prior to class certification, as a general rule. *See Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 213 (2d Cir. 1987); *Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.*, 214 F.R.D. 696, 699 (S.D. Ala. 2003); *Jenifer v. Del. Solid Waste Auth.*, 1999 WL 117762 at * 3 (D. Del. 1999). In addition, settlements are looked upon favorably by the courts, particularly in complex class actions. *See In re Exxon Valdez*, 229 F.3d 790, 795 (9th Cir. 2000) ("the general policy of federal courts to promote settlement before trial is even stronger in the context of large-scale class actions"). Several forms of abuse, however, have been considered sufficient to warrant limitations on communication between litigants and putative class members. These "include communications that coerce prospective class members into excluding themselves from the litigation; communication that contain false, misleading or confusing statements; and communications that undermine cooperation with or confidence in class counsel." *Cox Nuclear Med.*, 214 F.R.D. at 698 (internal citations omitted). *See Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1201-03 (11th Cir. 1985); *Hampton Hardware, Inc. v. Cotter & Co., Inc.*, 156 F.R.D. 630, 632 (N.D. Tex. 1994). *See also Manual For Complex Litigation*, § 21.12 (4th Ed. 2004).

As set forth above, plaintiffs put forth a number of arguments that the proposed communication between defendants and putative class members is abusive. While it appears to the

Court that defendants' offer of settlement is neither misleading,[2] confusing, nor coercive,[3] a single overriding factor justifies the Magistrate Judge's order limiting communication by the defendants with putative class members. That factor relates to whether or not the putative class members have, or can obtain, sufficient information to fairly evaluate the settlement offer. *See In re General Motors*, 594 F.2d 1106, 1139-49 (7th Cir. 1979). Plaintiffs rightly argue that the protective order upon which defendants have insisted in this case shields a large volume of documents related to the issues raised by this case from public view and from the view of the putative class members. Absent review of these documents by the putative class members and/or their independent legal counsel, these putative class members simply have no way to meaningfully evaluate the strengths and weaknesses of the claims asserted by the named plaintiffs.

Likewise, counsel for the named plaintiffs, including interim lead counsel, are subject to the terms of the protective order and would be, by its terms, prohibited from discussing the content of these documents with putative class members who contact them for information. Thus, while on the surface of the communication it appears that the defendants are inviting dairy farmers to evaluate the settlement offers by seeking the advice of counsel, the terms of the protective order make such an invitation illusory and meaningless. This problem is one of the defendants' own making and makes it unlikely that defendants can ever fashion an appropriate settlement offer to putative class

---

[2] Although the plaintiffs argue that the offer of settlement is misleading, its terms are actually quite straightforward. The defendants offer a specific dollar amount per hundredweight for the monthly average production during the relevant time period. While plaintiffs clearly contend that the settlement offer is inadequate, this Court would not limit a communication by defendants with putative class members on that basis. Whether the settlement agreement is adequate or not would be a matter more appropriately considered by the dairy farmer himself or in consultation with his attorney.

[3] While the Court is not terribly concerned that the economic power of the defendant makes the offer coercive, the short time frame for decision does have a coercive effect. This defect could easily be rectified.

members as long as documents crucial to a meaningful evaluation of the case are shielded from their view. As long as the protective order continues to shield a vast volume of relevant documents from review by the members of the putative class and/or their counsel, settlement offers can only be fairly evaluated and pursued through the established mediation process already in place.

For these reasons, the objection of the defendants to the Magistrate Judge's order is OVERRULED and the order of the Magistrate Judge is AFFIRMED.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE