IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: SOUTHEASTERN MILK ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 1899 |
| | | Master File No. 2:08-MD-1000 |
| THIS DOCUMENT RELATES TO: *ALL CASES* | | Judge J. Ronnie Greer Magistrate Judge Dennis H. Inman |

**MEMORANDUM OPINION**

On April 14, 2008, before discovery began in this litigation, a protective order, [Doc. 47], was entered. The protective order permits the parties, as well as certain non-parties who produce documents during discovery, to designate documents and testimony as either "confidential" or "highly confidential."[1] Under the terms of the protective order, documents or testimony designated as confidential may be disclosed only to a narrow class of individuals. [Doc. 47, ¶ 6]. Documents or testimony designated as highly confidential may be shared with an even more narrow class of individuals. [*Id.*, ¶ 7]. Of particular significance to the matter now pending before the Court, documents designated as confidential may be disclosed to only one designated representative of a named plaintiff and highly confidential documents may not be disclosed to any named plaintiff. Neither documents designated as confidential nor documents designated as highly confidential may be disclosed to any putative class member.

---

[1] It has been represented to the Court in written pleadings and at the Court's last status conference in this case that the defendants have designated the vast majority of the approximately four million pages of documents they have produced in this case as either confidential or highly confidential.

On July 23, 2009, the dairy farmer plaintiffs filed their "Motion To Unseal Dairy Farmer Plaintiffs' Class Certification Filings And To Modify Protective Order" in which they seek modification of the protective order to allow named plaintiffs access to documents and testimony designated as highly confidential. [Doc. 360]. The motion was responded to by the defendants and by interested non-party producing parties who had produced documents designated as confidential or highly confidential under the protective order. The motion of the dairy farmer plaintiffs was referred by standing order of the Court to the Magistrate Judge for disposition. On August 5, 2009, United States Magistrate Judge Dennis H. Inman granted the motion.[2] The Magistrate Judge subsequently stayed the order pending an appeal to the district judge, [Doc. 376].

The defendants as well as a number of non-party producing parties have objected to the Magistrate Judge's order granting the plaintiffs' motion. [*See* Docs. 397, 400, 401 and 402]. This Court dealt with the portion of the defendants' objections related to the motion to unseal class certification filings in an order filed on September 25, 2009, [Doc. 467], but reserved ruling on the portion of defendants' objections to the Magistrate Judge's order related to the motion to modify the protective order pending an opportunity for the parties to meet and confer in an effort to reach agreement as to a modification of the protective order which would accommodate their respective interests. By pleading filed on October 14, 2009, [Doc. 450], the dairy farmer plaintiffs have informed the Court that the parties' attempt to resolve the motion to modify the protective order has been unsuccessful.

---

[2] In the Magistrate Judge's order, document 360 is referred to as "Dairy Farmers' Motion To Unseal Their Class Certification Filings" and the Magistrate Judge does not discuss the portion of the motion dealing with modification of the protective order. Thus, it is unclear whether the Magistrate Judge appreciated that the motion also sought modification of the protective order or, if so, his reasons for granting the motion.

2

As noted in the Court's September 25 order, a protective order is always subject to modification by the Court, even where the parties have consented to its entry. The party seeking modification of the protective order has the burden of establishing cause for modification. For the reasons which follow, the dairy farmer plaintiffs have established good cause for modification of the protective order as requested and the order of the Magistrate Judge will be AFFIRMED.

The defendants in this case, as well as the non-party producing parties, advance sufficient reasons for the designation of certain documents as confidential or highly confidential in this litigation, although the Court is very skeptical that the designation of three and one-half million pages of documents produced during discovery is justified. In any event, this litigation is nearing the end of discovery, class certification motions are pending, and all parties will soon be required to make certain decisions about the strengths and weaknesses of their respective positions in order to participate in good faith in the mediation process previously established by this Court and, if necessary, to prepare this case for trial. The plaintiffs convincingly argue that the limitation placed on them from allowing named plaintiffs access to material designated as highly confidential hinders their ability to fully inform their clients as to the merits of this litigation, the strengths and weaknesses of their claims and to adequately prepare for trial.

While sufficient reasons may exist for the designation of materials as highly confidential, the litigation has reached a point where further limits on disclosure of those documents and testimony to the named plaintiffs more likely than not interferes with the ability of plaintiffs' counsel to properly prosecute plaintiffs' claims. Defendants cannot be allowed, on the one hand, to designate the vast majority of the documents produced during discovery as highly confidential and, on the other hand, to use such designation to interfere with the plaintiffs' ability to prosecute their

3

case. The motion of the plaintiffs to modify the protective order is, therefore, well taken.

While the Court had certainly hoped that these parties might meet and confer about plaintiffs' motion to modify the protective order and come to some reasonable resolution of this matter by agreement, they have been unable to do so. Furthermore, the Court finds the defendants' proposal that only two named plaintiffs be allowed access to a narrow category of highly confidential material to be more severely restrictive than is justified and would give the defendants an unprecedented and improper degree of control or attempted control over the plaintiffs' preparation of and prosecution of their claims. Plaintiffs' counsel rightly argue that the named plaintiffs in this case have a degree of knowledge and experience in the dairy industry which makes them indispensable to counsel as this case is prepared for trial. No matter how skilled and knowledgeable plaintiffs' counsel may be, and they are both, that cannot substitute for the knowledge and insight named plaintiffs have after years of hands on experience in the dairy industry. Defendants' concerns about the competitive disadvantage disclosure of these documents to the named plaintiffs might present is simply overstated and unsubstantiated by the record in this case.

The protective order in this case is modified to permit the disclosure of all documents produced during discovery, all deposition transcripts and any other information designated by the defendants as highly confidential to be disclosed to the named plaintiffs in this litigation. The named plaintiffs, however, will be subject to all other terms and conditions of the protective order and must, before having access to any of the information designated highly confidential, sign a written acknowledgment that they have received a copy of the protective order, have read it and discussed it with plaintiffs' counsel and that they fully understand its terms. The acknowledgment should also

include a statement by these plaintiffs that unauthorized disclosure of any highly confidential information, or its use for a purpose unrelated to this litigation, will subject the plaintiff to potential criminal and/or civil penalties, including imprisonment, fines or damages. A signed duplicate of the acknowledgment shall be provided to the defendants and any third party non-producing party which has designated information as highly confidential.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE