IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| IN RE SOUTHEASTERN MILK ANTITRUST LITIGATION | Master File No. 2:08-MD-1000 |
| THIS DOCUMENT RELATES TO: | Judge J. Ronnie Greer<br>Magistrate Judge Dennis H. Inman |
| *Sweetwater Valley Farm, Inc., et al. v. Dean Foods, et al.*, No. 2:07-CV-208 and *Food Lion, LLC, et al. v. Dean Foods, et al.*, 2:07-CV-188 | |

**PARTIES' JOINT MOTION FOR A BRIEF EXTENSION TO CERTAIN DEADLINES, AND FOR AN ORDER PERMITTING DEPOSITIONS AFTER DECEMBER 15, PURSUANT TO AGREEMENTS**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, All Plaintiffs and All Defendants (collectively "Parties") move the Court for a six week extension of the dates for expert reports, and *Daubert* and summary judgment briefing. The requested extension will not affect any other deadlines under the Court's January 7, 2009 Amended Scheduling Order (Dkt No. 213), but it will permit the orderly taking of depositions pursuant to subpoenas and notices scheduling the depositions before December 15. Certain depositions have had to be rescheduled due to parties' requirements to dates after December 15, and others may be rescheduled, as well.[1]

The Parties show the Court the following:

---

[1] The Amended Scheduling Order requires Plaintiffs to submit their expert reports approximately 30 days after the close of fact discovery. Finishing up the already noticed depositions, however, will leave Plaintiffs with insufficient time to complete discovery in an orderly manner and prepare their expert reports. The instant motion is intended to solve that problem, while still allowing the case to otherwise proceed on the same schedule.

1. On January 7, 2009, the Court issued an Amended Scheduling Order, setting dates for, *inter alia,* fact and expert discovery and *Daubert* and summary judgment briefing:

| | |
|---|---|
| Close of Fact Discovery | December 15, 2009 |
| Plaintiffs' Expert Reports | January 15, 2010 |
| Response Expert Reports | March 15, 2010 |
| Rebuttal Expert Reports | May 17, 2010 |
| Daubert Motions | June 30, 2010 |
| Dispositive Motions | June 15, 2010 |
| Dispositive Motion Responses | July 15, 2010 |
| Dispositive Motion Replies | July 30, 2010 |

Under the Schedule, Plaintiffs have four (4) weeks after close of fact discovery to serve their expert reports, while two (2) months is allowed for response reports. For the reasons cited below, the Parties submit that a six week extension for Plaintiffs' expert reports, *i.e.,* to February 26, 2010, would preserve the original time between the close of fact discovery and the submission of expert reports, equalize the time for each side's reports, and allow for the conclusion of certain specified discovery. The Parties also propose to carry the six week extension through *Daubert* and Summary Judgment briefing dates. All other dates in the current schedule would be unaffected. Thus, the schedule, with the proposed change would be:

| | | |
|---|---|---|
| Close of Fact Discovery | December 15, 2009 | (except for matters set forth below) |
| Plaintiffs' Expert Reports | February 26, 2010 | ~~January 15, 2010~~ |
| Response Expert Reports | April 26, 2010 | ~~March 15, 2010~~ |
| Rebuttal Expert Reports | June 28, 2010 | ~~May 17, 2010~~ |
| *Daubert* Motions | August 11, 2010[2] | ~~June 30, 2010~~ |
| Dispositive Motions | July 27, 2010 | ~~June 15, 2010~~ |
| Dispositive Motion Responses | August 26, 2010 | ~~July 15, 2010~~ |
| Dispositive Motion Replies | September 10, 2010 | ~~July 30, 2010~~ |
| Exhibit and Witness Lists, Depo. Designations, List of Damages | December 15, 2010 | |

---

[2] The Court's Amended Scheduling Order did not include dates for responsive briefing on *Daubert* motions; the Parties propose responses be due September 13, and replies, September 27.

| | |
|---|---|
| Individual Statements of Claims<br>Joint Statement of Admissions<br>& Stipulations, Proposed List of<br>Contested Issues of Law,<br>Briefs on Contested Issues of Law | January 3, 2011 |
| Motions in Limine | January 3, 2011 |
| Reponses to Motions in Limine | January 17, 2011 |
| Proposed Jury Instructions | February 8, 2011 |
| Final Pretrial Conference | February 8, 2011 |
| Trial Start | March 8, 2011 |

2. The Parties submit that the proposed change is equitable and is necessitated because of continuing discovery that may impact Plaintiffs' initial reports. *First*, Magistrate Judge Inman recently ordered Defendant Dean to produce documents on November 25 related to a study (the McKinsey documents) that came to light during an October 13 deposition. (11/18/09 Order, Dkt No. 568.) The same Order compelled Dean to produce Marty Devine for a continued deposition some time after the production. (*Id.*)[3] Due to scheduling issues, Dean and Plaintiffs have agreed the Mr. Devine deposition will occur on January 6, 2010, if permitted by the Court.[4]

3. *Second,* on November 17, Plaintiffs served a subpoena on the McKinsey firm for documents (December 3) and a deposition (December 8) related to McKinsey's work for Dean. To accommodate McKinsey's requests for extension, Plaintiffs agreed to an extension to

---

[3] Dean also moved to modify the Protective Order to create special procedures for the McKinsey documents. *See* 11/6/09 Dean Motion for Protective Order (Dkt. No. 544). This Court scheduled Dean's motion for argument at the December 18 Status Conference. *See* 12/3/09 Order (Dkt. No. 600). Depending upon Plaintiffs' review of the McKinsey documents and possibly upon this Court's resolution of Dean's motion, Plaintiffs may seek to take additional depositions related to the McKinsey documents. Magistrate Judge Inman recognized the possibility that depositions in addition to Mr. Devine's may have to be reopened. *See* 11/2/09 Order, Dkt. No. 531.

[4] *See* Correspondence between J. Caruso for Plaintiffs and P. Friedman for Dean, dated 12/3/90 (ltr) and 12/8/09 (email), attached hereto as Exh. A.

December 14 for the document production, with the parties to mutually agree to a deposition date as reasonably soon thereafter as possible.[5]

4. *Third,* additional depositions, although noticed and scheduled well before December 15, have required scheduling changes, some after the December 15 fact discovery deadline. For example, on October 26 and October 30, respectively, Plaintiffs served 30(b)(6) notices on Defendants Mid-Am Capital for a deposition on November 20 and on Defendants DFA/DMS for a deposition on November 23. The parties conferred from November 6 to December 1, and have reached or expect to reach agreements on the scope of the topics specified in the two notices. The very recent passing and funeral arrangements of the Chairman of the Board of DFA have, understandably, required rescheduling of those depositions. The Parties have agreed that the depositions will be completed as soon as schedules allow after December 20.[6] Similarly, on October 30 and 26, Plaintiffs served 30(b)(6) notices on Defendants Dean and NDH, respectively, for depositions on November 24. As a result of multiple party conferences on scope and scheduling, the Dean deposition has been postponed to a date to be agreed upon after December 15,[7] and the NDH deposition will begin on December 11 and resume on a mutually agreeable date after December 15[8]. Likewise, on November 11, Defendants served a 30(b)(6) notice to Plaintiff Food Lion for a deposition to be held on December 11. The parties have agreed that this

---

[5] *See* 12/3/09 and 12/4/09 Ltr correspondence between C. Busen for Plaintiffs and L. DiLeanardo for McKinsey & Co., attached hereto as Exh. B.

[6] *See* 12/6/09 Email correspondence between T. Sullivan for Plaintiffs and C. Metz/S. Kuney for DFA, attached hereto as Exh. C.

[7] *See* 12/3/09 and 12/8/09 Ltr correspondence between S. Stroup for Plaintiffs and P. Friedman for Dean, attached hereto as Exh. D.

[8] *See* Email correspondence between C. Busen for Plaintiffs and K. Brumbaugh for NDH, attached hereto as Exh. E.

deposition will be postponed to a mutually agreeable date on or after January 8.[9] The scheduling of additional depositions is subject to Court orders and ongoing negotiations between parties.[10]

WHEREFORE, the Parties ask the Court for an Order: (1) granting a six week extension to the dates for expert reports, and *Daubert* and summary judgment briefing, which will not affect any other deadlines under the Court's January 7, 2009 Scheduling Order (Dkt No. 213); and (2) permitting certain depositions originally noticed for dates prior to December 15 to occur after the December 15 deadline.

Dated: December 10, 2009                                      Respectfully submitted,


/s/ Robert G. Abrams                                          /s/ Paul H. Friedman
Robert G. Abrams, Esq.                                         Paul H. Friedman, Esq.
Gregory J. Commins, Jr., Esq.                                  Paul Denis, Esq.
HOWREY LLP                                                     Paul Frangie, Esq.
1299 Pennsylvania Ave., NW                                     Dechert LLP
Washington, DC  20004                                          1775 I Street, NW
abramsr@howrey.com                                             Washington, DC  20006
comminsg@howrey.com                                            paul.friedman@dechert.com
*Interim Lead Counsel for Consolidated*                        paul.denis@dechert.com
*Dairy Farmer Plaintiffs*                                      paul.frangie@dechert.com

Thomas C. Jessee, Esq.                                         Carolyn H. Feeney, Esq.
412 East Unaka Ave.                                            Dechert LLP
Johnson City, TN 37601                                         Cira Centre, 2929 Arch St.
jjlaw@jesseeandjessee.com                                      Philadelphia, PA  19104
*Liaison Counsel for Consolidated*                             carolyn.feeney@dechert.com
*Dairy Farmer Plaintiffs*

---

[9] *See* 12/9/09 Ltr correspondence from M. Converse for Plaintiffs and P. Friedman for Dean Foods, attached hereto as Ex. F.

[10] For example, on December 4, Judge Inman ruled that Retailer and Defendants' subpoenas for documents from, and a deposition of, Publix, may proceed after the Court rules on the confidentiality of the Publix documents. (12/4/09 Order at 3 & 6, Dkt. No. 603.) Additionally, Retailer Plaintiffs are negotiating with third party Deloitte & Touche regarding the scope and scheduling of document production and depositions, as well as additional time to depose Defendants Gary Hanman and Gerald Bos.

/s/ Richard L. Wyatt, Jr.
Richard L. Wyatt, Jr., Esq.
Todd M. Stenerson, Esq.
Hunton & Williams
1900 K St., NW
Washington, DC 20006
rwyatt@hunton.com
tstenerson@hunton.com

W. Gordon Ball, Esq.
Ball & Scott
550 Main Street, Suite 601
Knoxville, TN 37902
gball@ballandscott.com
*Interim Lead Counsel for Retailer Plaintiffs*

/s/ W. Gordon Dobie
W. Gordon Dobie, Esq.
Kari Rollins, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
WDobie@winston.com
karollins@winston.com

D. Alexander Fardon, Esq.
J. David McDowell, Esq.
Craig V. Gabbert, Jr.
Harwell Howard Hyne Gabbert & Manner, P.C.
315 Deaderick Street, Suite 1800
Nashville, Tennessee 37238-1800
daf@h3gm.com
jdm@h3gm.com
cvg@h3gm.com
*Counsel for Southern Marketing Agency, Inc.*

Mark S. Dessauer, Esq.
William C. Bovender, Esq.
Hunter, Smith & Davis, LLP
P.O. Box 3740
Kingsport, TN 37664
dessauer@hsdlaw.com
bovender@hsdlaw.com
*Counsel for Defendant Dean Foods Co*

/s/ Steven R. Kuney
Steven R. Kuney, Esq.
Kevin Hardy, Esq.
Williams & Connolly LLP
725 12th Street, NW
Washington, DC 20005
SKuney@wc.com
jschmidtlein@wc.com

W. Todd Miller, Esq.
Baker & Miller PLLC
2401 Pennsylvania Ave., N.W.,
Suite 300
Washington, DC 20037
tmiller@bakerandmiller.com

G.P. Gaby, Esq.
Thomas J. Garland, Esq.
Milligan & Coleman
P.O. Box 1060
Greeneville, TN 37744
ggaby@milligancoleman.com
*Counsel for Defendants Dairy Farmers of America, Inc., Mid-Am Capital, LLC, Dairy Marketing Services LLC*

6

/s/ Kelly Tidwell
Kelly Tidwell, Esq.
Patton, Tidwell & Schroeder, LLP
4605 Texas Blvd.
Texarkana, TX 75503
kbt@texarkanalaw.com

Robert L. Arrington, Esq.
Andrew Wampler, Esq.
Wilson, Worley, Moore, Gamble & Stout
Eastman Credit Union Building
2021 Meadowview Lane
2nd Floor, P.O. Box 88
Kingsport, TN 37662
rarrington@wwmgs.com
awampler@wwmgs.com
*Counsel for Defendant James Baird*

/s/ David E. Everson
David E. Everson
Stinson Morrison Hecker LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106
deverson@stinson.com

Daniel D. Crabtree
Stinson Morrison Hecker LLP
10975 Benson, Suite 550
12 Corporate Woods
Overland Park, KS 66210
dcrabtree@stinson.com

Richard W. Pectol, Esq.
Pectol & Miles
202 East Unaka Ave.
Johnson City, TN 37601
rwpectol@earthlink.net
*Counsel for Defendant Gary Hanman*

/s/ Jerry L. Beane
Jerry L. Beane
Kay Lynn Brumbaugh
Andrews Kurth LLP
Suite 3700, 1717 Main Street
Dallas, TX  75201
Tel:  (214) 659-4400
jerrybeane@andrewskurth.com
kaylynnbrumbaugh@andrewskurth.com

Steven E. Kramer, Esq.
Thomas M. Hale, Esq.
Kramer, Rayson, Leake, Rodgers & Morgan, LLP
P.O.Box 629
Knoxville, TN  37901-0629
skramer@kramer-rayson.com
tomhale@kramer-rayson.com
*Counsel for Defendant*
*National Dairy Holdings, LP*

/s/ Charles W. German
Charles W. German, Esq.
Brandon J. Boulware, Esq.
Rouse Hendricks German May PC
One Petticoat Lane Building
1010 Walnut Street, Suite 400
Kansas City, MO 64106
brandonb@rhgm.com
charleyg@rhgm.com

Edward T. Brading, Esq.
Bradley Griffith, Esq.
Herndon, Coleman, Brading & McKee
104 E. Main Street
Johnson City, TN 37604
ebrading@lawyerfirm.com
bgriffith@lawyerfirm.com
*Counsel for Defendant Gerald Bos*

7

## CERTIFICATE OF SERVICE

       I certify that on the 10th day of December, 2009, a true and correct copy of Parties' Joint Motion for a Brief Extension to Certain Deadline and An Order Permitting Deposition After December 15 Pursuant to Agreement was served by operation of the electronic filing system of the U.S. District Court for the Eastern District of Tennessee upon all counsel who have consented to receive notice of filings in the matters styled *In re Southeastern Milk Antitrust Litigation*, MDL No. 1899.

                                            */s/*Craig D. Minerva
                                            Craig D. Minerva