IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE SOUTHEASTERN MILK ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Sweetwater Valley Farm, Inc., et al. v. Dean Foods Co., et al.*, No. 2:07-cv-208. | CASE NO. 2:08-MD-01000<br><br>JUDGE GREER<br>MAGISTRATE JUDGE INMAN |

## ALL DEFENDANTS' RESPONSE TO DAIRY FARMER PLAINTIFFS' MOTION TO STRIKE OR SUMMARILY DENY *DAUBERT* MOTIONS

(RESPONSE TO DKT. # 882)

### [REDACTED VERSION; SEALED ORIGINAL FILED PURSUANT TO 9/22/09 ORDER]

There is simply no basis for the Dairy Farmer Plaintiffs' Motion to Strike or Summarily Deny Defendants' *Daubert* Motions (the "Mot. to Strike," (Dkt. # 882)).

Consistent with their obligation to the Court – and consistent with their own interest in presenting non-repetitive and persuasive arguments – Defendants coordinated with one another in preparing their *Daubert* motions, just as they have done on countless other motions over the last three years. That cooperation is reflected in the filing of just two memoranda (one for each of Plaintiffs' experts) addressing the core problems in those experts' methodology and the inherent unreliability of their resulting opinions. *See* Dkt. # 879 & 881. The separate memoranda that Plaintiffs attack as "unnecessary" were properly filed by individual Defendants to address limited, narrow issues unique to them in a manner that was not addressed in the main memoranda. There is nothing improper about those additional filings. Indeed, they are expressly allowed by the very Order that Plaintiffs cite in support of their motion. *See* Order,

Dkt. # 64, at 2 (5/21/08) (defendants "who have individual, unique or divergent positions may present written and oral arguments or pleadings . . . provided that in doing so they not repeat arguments, questions, or actions . . . .") (quoting Dkt. # 36).

The memoranda filed under the title "Certain Defendants' Motion to Exclude" the testimony of Dr. Rausser (Dkt. # 879) and Dr. Scott (Dkt. # 881), are the *only* two memoranda that address in comprehensive fashion the flaws in the methodology used by Plaintiffs' experts, and the unreliability of their resulting opinions. Specifically, with respect to Dr. Rausser, Certain Defendant's memorandum explains: (1) that his opinion on market definition rests on bad economics, employs circular reasoning designed to support a pre-determined outcome, and requires Dr. Rausser's willingness to disregard the implications of his own analysis, *see* Dkt. # 879, at 2-12; (2) that Dr. Rausser's ▇▇▇ and ▇▇▇ damages calculations are premised upon naked assumptions for which he lacks support, upon statistical manipulations of a kind that have resulted in his opinions being stricken in the past, and upon his continued willingness to ignore the implications of his own analysis, *id.* at 12-23; and (3) that Dr. Rausser's opinions on actions taken against Defendants' unilateral self-interest are superficial, contrary to the record, and typical of other such opinions from Dr. Rausser that have been heavily criticized and stricken by federal courts, *id.* at 23-25.[1]

---

[1] *See In re Potash Antitrust Litig.*, 954 F. Supp. 1334, 1363 (D. Minn. 1997) (excluding Dr. Rausser's opinions as "unfounded supposition" and the "mere passage of an untrustworthy evidentiary showing, through the mechanism of an expert's Report"), *affirmed Blomkest Fertilizer, Inc. v. Potash Corp. of Saskatchewan, Inc.*, 203 F.3d 1028, 1038 (8th Cir. 2000) (*en banc*) (finding Dr. Rausser's opinions to be "fundamentally unreliable"); *Reed v. Advocate Health Care*, No. 06 C 3337, 2009 WL 3146999 (N.D. Ill. Sept. 28, 2009) (finding that Dr. Rausser had "not applied econometric principles and methods reliably," leaving his "testimony [] essentially inadmissible."); *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, No. 03-cv-6731, 2005 WL 1863853, at *15 (S.D.N.Y. Aug. 8, 2005) (criticizing Dr. Rausser for offering opinions that were "not grounded in reality" and "defie[d] common sense"); *Oxygenated Fuels Ass'n, Inc. v. Pataki*, 293 F. Supp. 2d 170, 182 (N.D.N.Y. 2003) (finding Dr. Rausser's opinions "speculative and lacking in sufficient evidentiary support").

2

Likewise, with respect to Dr. Scott, Certain Defendants' memorandum explains that none of his opinions are "expert" in nature because they employ no scientific or technical methodology, but instead consist of his reading snippets of the record and stating the inferences he has drawn from the limited amount of evidence that he has seen. *See* Dkt. # 881, at 2-5. Relying on this Court's prior decisions, the memorandum explains why such testimony is neither necessary nor appropriate under Rule 702. *Id.* at 7-10. Finally, using documents produced by Dr. Scott in response to this Court's July 28 Order, the memorandum demonstrates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that this too is a methodological flaw requiring the exclusion of his testimony. *Id.* at 11-15.

Those memoranda were prepared through a coordinated and collaborative process involving *all* Defendants, with the goal being to prepare, if at all possible, just two briefs that could be filed on everyone's behalf. Five Defendants – Dean, NDH, DFA, DMS and Mid-Am Capital – were able to sign these memoranda and submit no further argument. Despite their best efforts at coordination, four other Defendants (SMA, and the individual Defendants Hanman, Bos and Baird) could not do the same, because they were the subject of specific, *individualized-* opinions from Drs. Rausser and Scott that could only fairly be responded to in separate memoranda addressed to those limited issues.

Plaintiffs concede in their Motion to Strike that it is perfectly proper under this Court's orders for individual Defendants to submit separate memoranda in certain circumstances. *See* Mot. to Strike ¶ 5. They suggest, incorrectly, that the Court strictly limited that right to instances in which Defendants have "incompatible positions or seek unique relief." *Id.* (citing, but not quoting from, Dkt. # 64, 5/21/08 Order, at 2). That is not what the Court said. What the Court said was: "an individual defendant who disagrees with lead counsel on any issue <u>or</u> who has an

3

'individual, unique or divergent' position may 'present written and oral arguments or pleadings, conduct examination of deponents, and otherwise *act separately* on behalf of their respective clients . . ." Dkt. # 64, at 2 (emphasis in original). That is all that has occurred here.

Despite being in agreement with the positions advanced in the joint memoranda, the individual Defendants who filed additional briefs had separate issues – "individual [and] unique" to them, *see* Dkt. # 64 – that could not be fairly addressed in a joint memorandum. They therefore submitted short, concise, and (most importantly) *non-overlapping* memoranda addressed to those issues, as follows:

- SMA and Mr. Baird together submitted a twelve page memorandum addressing opinions raised by Dr. Rausser and Professor Scott that are unique and individual to SMA and Baird, which were raised *for the first time* in Dr. Rausser's and Professor Scott's rebuttal reports (and *only* their rebuttal reports) and submitted in direct response to the opinions submitted on behalf of SMA and Baird by their individually retained experts, Dr. Albert Ortego and James Peterson. Specifically, SMA and Baird seek to exclude the following three opinions: (1) Dr. Rausser's opinion that ▌ ▌ (2) Professor Scott's opinion that ▌ ▌; and (3) Professor Scott's opinion that ▌ ▌ These opinions were directed only at SMA and Baird, were not addressed in the jointly-filed motion, and, thereby, warranted separate and detailed response by SMA and Baird.

- Mr. Hanman submitted a six-page memorandum addressing an aspect of Dr. Rausser's report that is unique to him. Dr. Rausser specifically attributes ▌ ▌ Mr. Hanman's separate memorandum demonstrates that Dr. Rausser lacks any basis on which to attribute such a ▌ to ▌

- Mr. Bos submitted a six and a half page memorandum arguing circumstances unique to him. While Dr. Rausser opines that all Defendants caused the damages he finds, he admitted in deposition that ▌ ▌. Mr. Bos therefore argues that even if a factual basis exists for Dr. Rausser's opinion against the other defendants (and it does not), Dr. Rausser's damages opinion cannot be admitted against Mr. Bos because it lacks a factual basis as to him.

4

Plaintiffs nowhere attempt to meet their burden of showing that these arguments were at all overlapping or improper. They just assert with no substantiation that "many of the arguments are duplicative," see Mot. to Strike, at ¶ 3, but tellingly fail to cite a single argument that is. While all of the arguments share the common premise that Plaintiffs' expert testimony is improper and should be excluded, the grounds on which the different memoranda argue for that point are as different as night and day. Indeed, the only *issue* Defendants are aware of appearing in more than one brief is the criticism of Dr. Rausser's use of a ▮▮▮▮▮ dummy variable in his statistical model to find a change in damages coincident with ▮▮▮▮▮ ▮▮▮▮▮. But in the joint memorandum, that is just one of many flaws in Dr. Rausser's model that Defendants address, and its discussion is limited to a brief footnote within a broader argument. See Dkt. # 879 at 20 n.15. To Mr. Hanman, that single issue is the most significant thing Dr. Rausser says in his report, and he accordingly addresses it in substantially more detail. If that is an overlap at all, it is certainly not a basis on which to strike even one *Daubert* motion, let alone *all* of them. See *D.B. v. Lafon*, No. 3:06-CV-75, 2007 WL 896135, *1 (E.D. Tenn. Mar. 22, 2007) ("It is well-settled that motions to strike are disfavored and should be denied unless 'the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'"); see also *Parlak v. U.S. Immigration and Customs Enforcement*, 2006 WL 3634385, *1 (6th Cir. 2006) (unpublished) ("[I]t is well established that the action of striking a pleading should be sparingly used by the courts" (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

For these reasons, Plaintiffs' motion to strike should be denied in its entirety.

\*     \*     \*     \*     \*

On August 13, the Court entered an Order setting the briefing schedule for this motion and indicating that even if the Motion were denied, Plaintiffs would receive an additional eight days from the date of decision on the motion to strike in which to prepare their responses to any surviving *Daubert* motions. Defendants are filing this response ahead of schedule so that the Court can rule far enough in advance that the extension will be unnecessary, and the Plaintiffs will have more than the eight days before the existing response date for all parties for *Daubert* motions of September 13, 2010.

Dated: August 16, 2010    Respectfully submitted,

/s/ Steven R. Kuney
Steven R. Kuney
Kevin Hardy
Carl R. Metz
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
skuney@wc.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20037
Tel: (202) 663-7820
tmiller@bakerandmiller.com

G.P. Gaby
MILLIGAN & COLEMAN
230 West Depot Street
P. O. Box 1060
Greeneville, TN 37744-1060
Tel: (423) 639-6811
sweems@milligancoleman.com

*Counsel for Defendant Dairy Farmers of America, Inc., Dairy Marketing Services, LLC, and Mid-Am Capital, LLC*

*On behalf of All Defendants, with permission:*

Paul T. Denis
Paul H. Friedman
Dechert LLP
1775 I Street, N.W.
Washington, DC 20006
Tel: (202) 261-3300
paul.denis@dechert.com
paul.friedman@dechert.com
paul.frangie@dechert.com

Carolyn H. Feeney
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Tel: (215) 994-4000
carolyn.feeney@dechert.com
david.stanoch@dechert.com

William C. Bovender
Mark S. Dessauer
Hunter, Smith & Davis, LLP
1212 North Eastman Road
Kingsport, TN 37664
Tel: (423) 378-8840
bovender@hsdlaw.com
dessauer@hsdlaw.com

*Attorneys for Defendant
Dean Foods Company*

Jerry L. Beane
Kay Lynn Brumbaugh
ANDREWS KURTH LLP
1717 Main Street
Suite 3700
Dallas, TX 75201
Tel: 214-659-4400
jerrybeane@andrewskurth.com
kaylynnbrumbaugh@andrewskurth.com

*Counsel for Defendant National Dairy
Holdings, LP*

Steven E. Kramer
Thomas M. Hale
KRAMER, RAYSON, LEAKE, RODGERS
& MORGAN, LLP
800 S. Gay Street, Suite 2500
P. O. Box 629
Knoxville, TN 37901-0629
Tel: 865-525-5134
skramer@kramer-rayson.com
tomhale@kramer-rayson.com

*Counsel for Defendant National Dairy Holdings, LP*

Richard W. Pectol
PECTOL & MILES
202 East Unaka Avenue
Johnson City, TN 37601
Tel: 423-928-6106
rwpectol@earthlink.net

Daniel D. Crabtree
David E. Everson
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2900
Kansas City, MO 64106
Tel: 913-344-6750 (Crabtree)
Tel: 816-842-8600 (Everson)
dcrabtree@stinson.com
deverson@stinson.com

*Counsel for Defendant Gary Hanman*

Edward T. Brading
Bradley E. Griffith
HERNDON, COLEMAN, BRADING &
McKEE
104 E. Main Street
Johnson City, TN 37604
Tel: 423-434-4700
ebrading@lawyerfirm.com
bgriffith@lawyerfirm.com

*Counsel for Defendant Gerald Bos*

Charles W. German
Brandon J.B. Boulware
ROUSE HENDRICKS GERMAN MAY P.C.
1010 Walnut, Suite 400
Kansas City, MO  64106
Tel:  816-471-7700
Charleyg@rhgm.com
brandonb@rhgm.com

*Counsel for Defendant Gerald Bos*


W. Gordon Dobie
Kari M. Rollins
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601-9703
Tel:  312-558-5600
wdobie@winston.com
karollins@winston.com

Craig V. Gabbert, Jr.
J. David McDowell
HARWELL HOWARD FYNE GABBERT & MANNER, P.C.
315 Deaderick Street, Suite 1800
Nashville, TN  37238-1800
Tel:  615-256-0500
cvg@h3gm.com
jdm@h3gm.com

*Counsel for Defendant
Southern Marketing Agency, Inc*.

Andrew T. Wampler
Robert L. Arrington
WILSON WORLEY MOORE GAMBLE & STOUT, PC
2021 Meadowview Lane, 2nd Floor
Eastman Credit Union Building
P. O. Box 88
Kingsport, TN  37662
Tel:  423-723-0400
awampler@wwmgs.com
rarrington@wwmgs.com

Kelly B. Tidwell
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Boulevard
Texarkana, TX  75503
Tel:  903-792-7080
kbt@texarkanalaw.com

*Counsel for Defendant James Baird*

**CERTIFICATE OF SERVICE**

       I hereby certify that on August 16, 2010 the foregoing ALL DEFENDANTS' RESPONSE TO DAIRY FARMER PLAINTIFFS' MOTION TO STRIKE OR SUMMARILY DENY DAUBERT MOTIONS was filed electronically in redacted form. Copies of the redacted document will be served on all counsel of record via the Court's CMF/ECF system. Copies of the unredacted document will be served via electronic mail on all counsel of record.

                                                       /s/ Carl R. Metz
                                                       Carl R. Metz