IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: SOUTHEASTERN MILK ANTITRUST LITIGATION | ) ) ) | Master File No. 2:08-MD-1000 |
| THIS DOCUMENT RELATES TO: *Sweetwater Valley Farm, Inc., et al. v. Dean Foods Co., et al.,* No. 2:07-CV 208. | ) ) ) ) ) | Judge J. Ronnie Greer |

## ORDER

This multidistrict class action case involves allegations by plaintiffs, independent dairy farmers, dairy farmer members of independent cooperatives and DFA member dairy farmers, on behalf of themselves and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Dean Foods Company ("Dean"), National Dairy Holdings, L.P. ("NDH"), Dairy Farmers of America, Inc. ("DFA"), Dairy Marketing Services, LLC ("DMS"), Southern Marketing Agency, Inc. ("SMA"), Mid-Am Capital, LLC ("Mid-Am"), James Baird ("Baird"), Gary Hanman ("Hanman") and Gerald Bos ("Bos") for violations of sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and a state law breach of contract claim against DFA.

Several motions for summary judgment are currently pending before the Court: (1) the joint motion of all Defendants for summary judgment on Counts One through Five of the consolidated amended complaint, ("complaint"), [Doc. 839]; (2) supplemental motions for summary judgment by SMA, [Doc. 829], Baird [Doc. 826], Bos, [Doc. 833], and Hanman, [Doc. 836]; and (3) DFA's motion for summary judgment as to Count Six of the complaint, the state law breach of contract claim, [Doc. 842].

All motions are ripe for disposition and the Court has heard oral argument on January 20, 2011, and April 21, 2011. Since the dates for trial and other pretrial proceedings are rapidly approaching, this order is entered for the purpose of notifying the parties of the Court's decision on the various motions for summary judgment. A separate memorandum opinion will enter setting forth the Court's analysis and conclusions with respect to the motions. For reasons which will be set forth more fully in the Court's memorandum opinion, the defendants' joint motion for summary judgment as to Counts One through Five of the complaint, [Doc. 839], will be GRANTED IN PART and DENIED IN PART; the supplemental motion of Bos, [Doc. 833], will be GRANTED; the supplemental motions of Hanman, [Doc. 836], and Baird, [Doc. 826], are DENIED; the motions of SMA, [Doc. 829], and DFA, [Doc. 842], will remain under advisement pending filing of the Court's memorandum opinion. More specifically, as to the joint motion, the Court FINDS and ORDERS as follows:

I. The joint motion for summary judgment is DENIED as to Count One (conspiracy to monopolize and monopsonize under § 2);

II. The joint motion for summary judgment as to Counts Two (attempt to monopolize and monopsonize), Count Three (unlawful monopolization) and Count Four, (unlawful monopsony) is GRANTED;

III. The joint motion for summary judgment as to Count Five (unlawful conspiracy among defendants to foreclose competition and prices under § 1) is GRANTED IN PART (as to the *per se* violations of § 1) and DENIED IN PART (as to violations of § 1 under the rule of reason).

With respect to the joint motion for summary judgment as to Count Five, the Court FINDS:

a. The questions of whether per se analysis or rule of reason analysis applies to the §1

conspiracy is a question of law;

      b.      The conspiracy claim of plaintiffs, although labeled by them as a horizontal, *per se* conspiracy to restrain trade and fix prices, is, in its essence, a vertical restraint;

      c.      Even if the alleged agreement is horizontal in nature, it does not involve the limited category of "naked restraints" subject to *per se* analysis;

      d.      Plaintiffs must prove both the relevant product and relevant geographic markets within which defendants conspired; and

      e.      Genuine issues of material fact preclude summary judgment as to plaintiffs' rule of reason claim.

As set forth in the Court's prior order, the plaintiffs may now proceed with dissemination of notice of class certification in the case.[1] Furthermore, the parties are ORDERED to engage in intensive mediation over the next 30 days in an effort to reach a settlement in this case. The Clerk of the Court is DIRECTED to e-mail a copy of this order directly to the mediator previously named and the parties are DIRECTED to adjust their schedules to be available at such times as the mediator may direct for appropriate mediation sessions in the next 30 days. The mediator is DIRECTED to file with the Court a report concerning the status of mediation not later than June 15, 2011 which complies with the requirements of the Court's local rules. Plaintiffs are further DIRECTED to post on the website previously approved by the Court a copy of the amended consolidated complaint, defendants' answers thereto, and a notice prominently displayed which will advise potential class members of the new trial date and the new opt-out deadline. The parties shall also submit to the

---

[1] Dairy Farmer plaintiffs have filed a status report, [Doc. 1541], regarding the "short notice" to be published in national dairy industry publications. For reasons beyond the control of plaintiffs, the short form notice, to be published during May, 2011, refers to the previously scheduled trial date and an incorrect opt-out deadline.

3

Court their proposal for additional documents from the Court file to be placed on the website, and any argument in support thereof, not later than Friday, May 20, 2011.

So ordered.

ENTER:

>            s/J. RONNIE GREER
>     UNITED STATES DISTRICT JUDGE