IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE: SOUTHEASTERN MILK ) | |
| ANTITRUST LITIGATION ) | |
| ) | Master File No. 2:08-MD-1000 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge J. Ronnie Greer |
| *Sweetwater Valley Farm, Inc., et al. v.* ) | |
| *Dean Foods Co., et al., No. 2:07-CV 208.* ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Forbes Dairy, Inc. ("Forbes"), through its president, Malcolm E. Forbes, has filed an untimely motion to opt out of this litigation and the settlement between plaintiffs, Dean Foods Company, SMA and James Baird. [Doc. 1794]. Forbes is a Mississippi dairy farm unaffiliated with any cooperative and located in Marion County, Mississippi, at 123 John Ford Home Road, Sandy Hook, Mississippi.[1] Forbes is a named plaintiff in a class action lawsuit filed on April 26, 2011 on behalf of Mississippi dairy farmers in the United States District Court for the Southern District of Mississippi, Hattiesburg Division, alleging antitrust and RICO violations (*Andrews, et al v. Dean Foods, et al.*, No. 2:11-CV-00097-KS-MTP).[2]

Forbes asserts that he wishes to litigate the issues raised in this case on his own and does not wish to participate in this litigation in any way. Forbes claims that he had no knowledge of the litigation of this case until February 29, 2012, when he received claim forms and other information

---

[1] The independent dairy farmer subclass certified in this class action case includes dairy farmers in Federal Milk Market Orders 5 and 7. Mississippi is part of Order 7.

[2] Forbes apparently obtained legal counsel, SE Dairy Litigation, LLC, to represent him on June 1, 2011 and he subsequently became a plaintiff in the Mississippi action.

by mail. Forbes states that the class notice mailed by Rust Consulting, Inc., the claims administrator appointed by the Court, was addressed to 123 John Ford Road, Sandy Hook, Mississippi, an incorrect address, and was not received. Forbes's notice was mailed to the address for Forbes in the payroll records produced by National Dairy Holdings, the defendant that purchased Forbes's milk and, according to Rust records, was not returned as undeliverable.[3]

On September 7, 2010, this Court certified an independent dairy farmer subclass composed of all independent dairy farmers and independent cooperative members who produced Grade A milk in Orders 5 or 7 and sold Grade A milk directly or through an agent to defendants or co-conspirators during any time from January 1, 2001 to the present. [Doc. 934]. On January 19, 2011, the Court approved a class notice plan to provide the best notice practicable to the members of the class as required by Federal Rule of Civil Procedure 23. [Doc. 1255]. The Court-approved plan included notice by mail to all prospective class members for whom plaintiffs had obtained addresses in discovery, publication of half-page summary notices in *Hoard's Dairyman* and *Dairy Herd Management*, widely distributed monthly periodicals with distribution to dairy producers, and the creation of a dedicated and neutral website- [www.SoutheastDairyClass.com](www.SoutheastDairyClass.com) - and a toll free telephone number. [*Id.*]. In its order, the Court specifically found that such notice was constitutionally sufficient and in compliance with Rule 23 and established a deadline for class members to opt out or request exclusion from the litigation of June 17, 2011.

Pursuant to Federal Rule of Civil Procedure 23(c)(2), the Court must give to class members "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through a reasonable effort." To comport with the requirements of

---

[3] Presumably, the claim forms mailed to Forbes in February, 2012, were also mailed to Forbes at the address provided by NDH. Forbes does not explain why this mailing was received by him but the prior one was not.

due process, notice must be "reasonably calculated to reach interested parties." *Karkoukli's, Inc. v. Dohany*, 409 F.3d 279, 283 (6th Cir. 2005) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950)). "Due process does not, however, require actual notice to each party intended to be bound by the adjudication of a representative action." *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008) (citing *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 942 (10th Cir. 2005)). "The reasonably calculated standard is now widely accepted as the benchmark for resolving questions about the constitutionally of notice procedures." *Karkoukli's*, 409 F.3d at 283.

"A class member must have certain due process protections in order to be bound by a class settlement agreement." *In re Diet Drugs Products Liability Litig.*, 431 F.3d 141, 145 (3d Cir. 2005). The Rule 23(c)(2) standard also fulfills constitutional due process requirements. *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173-74 (1974). Notice by publication can satisfy due process when information required to identify individual class members cannot be procured through reasonable effort. *See id.* While individual notice, where reasonably possible, is required, when class members' names and addresses may not be ascertained by reasonable effort, publication notice has been deemed adequate to satisfy due process. *In re Prudential Ins. Co. of America Sales Practices*, 177 F.R.D. 216, 232 (D. N.J. 1997) (citing *Mullane*, 339 U.S. at 317-18). If a class member receives the best notice practicable and fails to opt out by the deadline, he is bound by the court's actions concerning the class, including settlement and judgment. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 592-93 (1997).

The Court sees nothing in the procedure used here which would convince it to change its previous conclusion that the notice given to class members was the best notice practicable under the circumstances, complied with Rule 23, and satisfied the constitutional requirement of due process.

Forbes does not argue here that a more complete address could have been obtained for him through reasonable effort. He also does not argue that the notice undertaken at the Court's direction was not the best notice practicable under the circumstances. He apparently argues only that he must be given an opportunity to opt out after receiving *actual* notice. To allow class members who receive actual notice of a class action after the opt out deadline to be given another opportunity to opt out, even though the class member received constructive notice before the deadline, would simply defeat the purpose of constructive notice by publication or the creation of the dedicated website and toll free telephone number. This Court thus holds, consistent with Rule 23 and due process, that an opt out deadline may bind a class member who has received the best notice practicable, regardless of whether or not that class member has received actual notice. Although Forbes argues that he has not been afforded minimal due process protection here, the Court finds otherwise.

Forbes's address was obtained from payroll information provided by NDH, a defendant in the instant litigation that purchased Forbes's milk. The address used by Rust to mail notice to Forbes was substantially similar to his actual address and was not returned as undeliverable by the postal service. In addition, a subsequent mailing notifying Forbes of the settlement between plaintiffs, Dean Foods, SMA and Baird, sent presumably to the same address, was in fact received by Forbes. Further, Forbes employed legal counsel on June 1, 2011, 17 days prior to the opt out deadline. Although little information has been provided to the Court about Forbes's legal counsel, it is inconceivable to the Court that Forbes's lawyers did not have actual notice of this litigation at the time.

The Court may treat as effective a tardy election to opt out "only if the delinquency is not substantial or if there is good cause shown." *Manual For Complex Litigation, Fourth*, § 21.321. Forbes has not shown any excusable neglect and both the independent farmer plaintiffs and Dean

Foods object to his request. [Docs. 1863, 1865]. Although Forbes argues otherwise, Forbes cannot show that it would be harmed by denial of its request since it has submitted a claim to participate in the Dean, SMA and Baird settlements. The interests of the parties and the settlements are furthered by the Court enforcing the deadlines applicable to this action and the granting of such relief clearly has an impact on the settlements in that defendants have a clear interest in obtaining a settlement which includes as many of the class members as possible and, in the event the settlement agreements are finally approved by the Court, obtaining releases which cover the broadest number of class members. *See Georgine v. Amchem Prods., Inc.*, 1995 WL 251402, at *1, *4 (E.D. Pa. April 26, 1995) ("Factors to be considered in making this decision include: The interest of the movants, the interest of the defendants, and the impact of granting the requested extensions on the Settlement itself."). None of the relevant factors weigh in favor of permitting movant's untimely request, especially where the only argument advanced in favor of the requested relief is that actual notice is required to comply with minimal due process requirements, a position clearly contrary to the law.

      For the reasons set forth herein, the "Motion To Opt Out By Malcolm Forbes"[4] is DENIED. So ordered.

      ENTER:

                                              s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE

---

[4] Although styled as a motion by "Malcolm Forbes," the body of the motion clearly indicates that the movant is Forbes Dairy, Inc. The Court notes, without addressing the matter, that the motion was filed on behalf of a corporation by its president who is not likely licensed to practice law or legally authorized to file the motion and represent the corporation before this Court.