IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE: SOUTHEASTERN MILK ) | |
| ANTITRUST LITIGATION ) | |
| ) | Master File No. 2:08-MD-1000 |
| ) | |
| THIS DOCUMENT RELATES TO: ) | Judge J. Ronnie Greer |
| *Sweetwater Valley Farm, Inc., et al. v.* ) | |
| *Dean Foods Co., et al., No. 2:07-CV 208.* ) | |
| ) | |

## SUPPLEMENTAL MEMORANDUM OPINION

On June 1, 2012, the Court recertified the DFA subclass for purposes of litigation against the remaining DFA related defendants in this case, [Doc. 1878]. On June 12, 2012, the DFA defendants moved, on an expedited basis, for a continuance of the then scheduled July 10, 2012 trial date or, alternatively, a stay, [Doc. 1887]. A telephonic hearing was conducted on June 14, 2012, and the motion was orally denied. After further consideration of the motion, however, and review of the DFA defendants' petition for permission to appeal the recertification order to the Sixth Circuit pursuant to Federal Rule of Civil Procedure 23(f), it was apparent to the Court that its June 1 order had been "misinterpreted or misapprehended" by defendants and therefore misstated to the Sixth Circuit. As a result, the Court then *sua sponte* granted a continuance of the trial and stated its intention to enter a clarifying order explaining further its reasons for the June 1 order, [Doc. 1893].

This memorandum will then clarify and further explain the Court's reasons for the June 1 order, primarily as to two issues raised by the defendants in a footnote to their motion for continuance but which figure prominently in the petition filed in the Sixth Circuit. The first of these issues relates to the question of whether the Court has certified an improper "fail-safe" class of DFA

members with membership in the class dependent on whether plaintiffs succeed at trial.

Defendants argue that such a class is improper and indeed it is. In *Randleman v. Fidelity National Title Ins. Co.*, 636 F.3d 347 (6th Cir. 2011), the Sixth Circuit, following already clearly established principles, held that a class of those "entitled to relief" constitutes "an improper fail-safe class that shields the putative class members from receiving an adverse judgment." *Id.* at 352. In such a class, "[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment." *Id.* (citing *Genenbacher v. CenturyTel. Fiber Co. II, LLC*, 244 F.R.D. 485, 488 (C.D. Ill. 2007); *Campbell v. First Am. Title Ins. Co.*, 269 F.R.D. 68, 73-74 (D. Me. 2010); *Slapikas v. First Am. Title Ins. Co.*, 250 F.R.D. 232, 250-51 (W.D. Pa. 2008)). *See also Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974) (Rule 23 was specifically amended "to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments").

This Court made note of the *Randleman* decision in its prior order decertifying the DFA subclass, [Doc. 1681], in the context of the plaintiffs' suggestion in a supplemental filing with respect to the motion to decertify that the Court could postpone its decision until after the trial of the case. Relying on *Randleman*, the Court rejected the plaintiffs' suggestion and declined to postpone a decision on the final composition of the class until a jury verdict was returned. This Court specifically rejected an approach which would leave the class intact until trial is complete and then tailoring the relief, depending on the jury verdict, in an attempt to avoid the conflict among class members as "not the proper approach." *In re Southeastern Milk Antitrust Litigation*, 2011 WL 3205798, at *8 (E.D. Tenn. July 28, 2011). Defendants have suggested in their motion to continue or to stay the trial date that the Court's recertification decision "appears, among other things, to conflict with the recent Sixth Circuit opinion[ ] in *Randleman*," [Doc. 1887 at n.6], and have, in their

petition filed with the Sixth Circuit, alleged that the Court has improperly certified a fail-safe class. In making these arguments, defendants point to some inartful language which the Court used in its recertification order:

> If plaintiffs can prove at trial that all members of the DFA subclass have been equally harmed by illegal acts committed by the defendants, the requirements of Rule 23(a)(4) are met. On the other hand, if plaintiffs cannot prove that at trial, the Court is well aware of its continuing obligation to ensure that class certification requirements are met and will not hesitate to decertifiy the subclass once again.

[Doc. 1878 at 5].

Secondly, on a related issue, defendants have argued both here and before the Sixth Circuit in their Rule 23(f) petition that the Court erred by resolving "doubts" about compliance with Rule 23 in plaintiffs' favor in violation of the Sixth Circuit's holding in *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 417 (6th Cir. 2012), arguing that the court committed a critical error" by failing to require the plaintiffs to "affirmatively demonstrate [their] compliance" with Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). Once again, the defendants apparently rely on some inartful language by the court where the court stated that the questions raised by defendants' arguments were close questions but that "doubt should generally be resolved in favor of the plaintiffs, especially given the court's authority to modify or decertify the class at any time prior to judgment . . ." [Doc. 1878 at 4].[1]

At the time of this Court's June 1 order, the Court was very much aware that Rule 23 is more than a "mere pleading standard" and that "[a] party seeking class certification must affirmatively

---

[1] Although the Court is not convinced that the Sixth Circuit's decision in *Gooch* changed that proposition in any way, the Court will accept for the purposes of this supplemental memorandum that its statement was a misstatement of current law. The Sixth Circuit, however, implicitly acknowledged the authority of the district court to "revisit" the class certification decision at any time prior to judgment in its order denying defendants' prior petition for permission to appeal this Court's initial class certification order. *See In re: Southeastern Milk Antitrust Litig.*, No. 10-0504 (6th Cir. March 11, 2011).

demonstrate his compliance with the Rule." *Wal-Mart*, 131 S. Ct. at 2251. The Court cannot presume conformance with Rule 23 but must conduct a thorough "rigorous analysis," *id*., of the factual and legal issues in the case.

Let the Court be clear. This Court has, throughout the litigation of the class certification related motions in this case, conducted the required rigorous analysis and has, to the extent necessary, resolved the factual and legal questions raised, while at the same time acknowledging that the ultimate resolution of those factual issues will be for the jury at the time of trial. The plaintiffs have offered convincing proof sufficient to meet their burden under Rule 23 that DFA and the DFA related defendants have engaged in illegal conduct in violation of the Sherman Act and that the members of the DFA subclass have, across the board, suffered common injury as a result of the DFA defendants' conduct. The Court did not mean to suggest, by its inartful language, that it had simply presumed compliance with Rule 23 by giving plaintiffs the benefit of the doubt on a close question, nor did the Court mean to suggest that a defendants' verdict at trial would result in decertification of the class.

The Court was merely, using less than clear language, acknowledging its inherent authority to later decertify or modify the class definition based upon new developments in the case. Given the record as it exists at this point, plaintiffs have affirmatively demonstrated compliance with the Rule, although the ultimate determination of the disputed factual issues, will be left to the jury. On the present record, a jury verdict in favor of the defendants will not change, in any way, the Court's determination that the factual and legal prerequisites for certification of the subclass have been met.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
